FILED

03/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0250

DA 22-0250

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 49N

TERRI GREENE,

  Plaintiff and Appellant,

 v.

GREGORY S. McDOWELL, M.D.,

  Defendant and Appellee.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-19-0083
Honorable Ashley Harada, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

   Torger S. Oaas, Attorney at Law, Lewistown, Montana

  For Appellee:

   Oliver H. Goe, Megan Wampler, Browning, Kaleczyc, Berry &
Hoven, P.C., Helena, Montana

    Submitted on Briefs: January 18, 2023

      Decided: March 21, 2023

Filed:

     _____
         Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Terri Greene appeals the Order Granting Motion for Judgment as a Matter of Law in favor of defendant Gregory S. McDowell, M.D., issued by the Thirteenth Judicial District Court, Yellowstone County. The District Court held that Greene failed to present expert testimony that Dr. McDowell breached the standard of care as to obtaining her informed consent before surgery.

¶3     Dr. McDowell is an orthopedic spine surgeon. Greene sought medical care from Dr. McDowell due to increasing neck and shoulder pain. Dr. McDowell offered to perform a revision surgery on Greene consisting of an anterior cervical discectomy and fusion ("ACDF") of several vertebrae in her cervical spine. Prior to the surgery, Dr. McDowell recorded that he discussed the risks of the operation with Greene before she gave her informed consent, noting: "[A]fter discussing in full the risks and benefits with the surgery and the treatment expectations and alternatives have been reviewed clearly as well, [Greene] as such elects to proceed with surgery and offers her informed consent." Greene admitted to discussing potential side effects of the surgery, including temporary voice hoarseness, with Dr. McDowell before she signed a consent form for the surgical procedure.

2

¶4 Dr. McDowell performed the ACDF revision surgery on Greene and noted no significant problems during surgery. Greene awoke with a hoarse voice and difficulty swallowing. When it did not improve, Dr. McDowell referred her to an ear, nose, and throat specialist ("ENT"). The ENT diagnosed Greene with an injury to the recurrent laryngeal nerve, causing dysphonia (a hoarse voice) and dysphagia (difficulty swallowing). While her condition improved somewhat with treatment, it did not return to her pre-surgery level of function.

¶5 Greene sued Dr. McDowell, alleging medical malpractice based, in relevant part, on a theory that Dr. McDowell failed to obtain Greene's informed consent. Greene asserted that Dr. McDowell failed to fully apprise her of the risk of long-lasting or permanent dysphonia and dysphagia as a result of the ACDF revision surgery.

¶6 At trial, Greene called one expert, Kade Huntsman, M.D.[1] Dr. Huntsman is an orthopedic surgeon experienced in performing ACDF surgeries. When asked whether "the standard of practice requires a specific discussion regarding long-lasting or permanent voice hoarseness or difficulty swallowing," Dr. Huntsman testified:

> I would argue adamantly that it absolutely must include a discussion of hoarseness and of difficulty swallowing, but it does not need to include whether or not that's going to be long[-]lasting or permanent or transient or last for a week or month or year because, quite honestly, we can't predict that, and that rate of 0.3[%] or 0.4[%] [] is -- again, that's the best guess that we have right now based on literature, but that's pretty darn rare, and if I discussed everything that was that rare, I'm not sure that we would ever get through the office visit.

---

[1] Dr. Huntsman was originally designated as an expert by Dr. McDowell. Greene then cross-designated Dr. Huntsman as an expert on informed consent.

¶7 At the close of Greene's case-in-chief, Dr. McDowell moved for judgment as a matter of law on the issue of informed consent. Dr. McDowell argued that he was entitled to judgment as a matter of law because Greene failed to present the required expert testimony establishing that Dr. McDowell breached the standard of care in obtaining informed consent and an exception to that requirement did not apply to Greene's case. The District Court granted Dr. McDowell's motion.

¶8 We review a district court's M. R. Civ. P. 50 decision granting judgment as a matter of law de novo. *Wagner v. MSE Tech. Applications, Inc.*, 2016 MT 215, ¶ 15, 384 Mont. 436, 383 P.3d 727. "A district court should grant judgment as a matter of law only where there is a complete lack of any evidence which would justify submitting an issue to the jury, considering all evidence and any legitimate inferences that might be drawn from it in a light most favorable to the opposing party." *Wagner*, ¶ 15 (internal citation omitted).

¶9 To obtain informed consent from a patient, health-care providers must disclose the known risks of the proposed treatment which a reasonable practitioner would disclose under similar circumstances. *Collins v. Itoh*, 160 Mont. 461, 467-68, 503 P.2d 36, 40 (1972). "[A] plaintiff has the burden in a medical malpractice case of presenting evidence on the medical standard of care 'by expert medical testimony unless the conduct complained of is readily ascertainable by a layman.'" *Griffin v. Moseley*, 2010 MT 132, ¶ 31, 356 Mont. 393, 234 P.3d 869 (internal citation omitted).

¶10 Greene contends that the District Court erred when it granted Dr. McDowell's motion for judgment as a matter of law because, "[u]nder the unique circumstances of this case, expert testimony was not required as to any element of [Greene's] lack of informed

4

consent claim."[2]  Greene's argument is essentially two-fold.  First, Greene contends that because Dr. McDowell asserted that he did advise Greene of the possibility of long-term dysphonia and dysphagia, this constituted an admission "that in his medical judgment, this disclosure was required, thus eliminating the need for expert testimony."  Second, notwithstanding Dr. Huntsman's testimony that the standard of care did not require a doctor to advise a patient of the possibility of long-term dysphonia and dysphasia, he also testified that it was his personal practice to disclose this possibility.  Greene argues that the personal practice of an expert witness should be considered evidence of the standard of care.  Greene's arguments on both points are unavailing.

¶11    The unrefuted testimony at trial was that the standard of care does not require a physician to advise a patient of the potential of long-term dysphonia or dysphagia as a result of ACDF surgery.  Neither Dr. McDowell nor Dr. Huntsman testified to the contrary.  Whether or not Dr. McDowell and Dr. Huntsman, in their respective personal practices, went above and beyond the standard of care by giving such an advisory is irrelevant.  "A physician's individual practice, when not based on national standards, lacks relevance to a medical malpractice case."  *Norris v. Fritz*, 2012 MT 27, ¶ 44, 364 Mont. 63, 270 P.3d 79 (internal citation omitted).  The District Court did not err by granting Dr. McDowell's M. R. Civ. P. 50 motion for judgment as a matter of law on the issue of informed consent.

---

[2] Greene devotes a portion of her brief to a discussion as to whether her injury was caused by the surgery.  The issue of causation was not the basis for the District Court's order and is not relevant to our determination.

5

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR